[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#112)
After hearing held on defendant's motion, the court finds as follows:
Count Two:
Although the plaintiff has not alleged the existence of a justifiable trust on the one hand and a resulting superiority and influence on the other; Harper v. Adametz, 142 Conn. 218, 225
(1955); whether a fiduciary relationship existed raises factual issues. Construing the allegations of the complaint, including CT Page 3511 those facts necessarily implied in a manner most favorable to the plaintiff; Amodio v. Cunningham, 182 Conn. 80, 82-83 (1980); the motion should be and is hereby denied.
Count Three:
The defendant was not engaged in trade or commerce as statutorily defined; 42-110a(4), Connecticut General Statutes; and the complaint is legally insufficient to support a CUTPA claim. Banerjee v. Roberts, 641 F. Sup. 1093, 1108
(D. Conn. 1986). The motion is granted.
Count Seven:
Even assuming the existence of a viable cause of action supporting recovery for infliction of emotional distress, the plaintiff has not alleged all of the prerequisites to imposition of liability. Maloney v. Conroy, 208 Conn. 393, 395-96 (1988); Amodio v. Cunningham, supra 88-89. The motion is granted.
So ordered.
GAFFNEY, J.